# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE  DIVISION

Crochet, et al                                             Civil Action No. 6:11-01404

versus                                                     Judge Tucker L. Melançon

Wal-Mart Stores, Inc.                              Magistrate Judge C. Michael Hill

## MEMORANDUM RULING AND ORDER

Before the Court is a Motion To Dismiss Or, In The Alternative, To Transfer Venue [Rec. Doc. 14] filed by defendant, Wal-Mart Stores East, L.P. ("Wal-Mart East"),[1] plaintiffs, Murphy and Carmen Crochet's, memorandum in opposition [Rec. Doc. 16], defendant's reply memorandum [Rec. Doc. 23] and plaintiffs' sur-reply memorandum [Rec. Doc. 30].

This is a personal injury action brought by plaintiffs, Murphy and Carmen Crochet, arising out of an alleged accident that occurred on August 1, 2010 at the Wal-Mart store located at 1625 Simpson Highway #49, in Magee, County of Simpson, Mississippi. Plaintiffs allege that Murphy Crochet was injured in the electronics department of the Wal-Mart store when a long speaker box fell from a high shelf, striking him on the right leg. Plaintiffs further allege that the accident was caused by defendant's negligence for failing to inspect and maintain the store and follow proper safety procedures. Plaintiffs seek damages for injuries to Murphy Crochet and the loss of consortium of Carmen Crochet.

---

[1] Plaintiffs originally named Wal-Mart Stores, Inc. as the defendant in this action. By an Amending Complaint filed on November 4, 2011, plaintiffs substituted the proper defendant, Wal-Mart Stores East, L.P.  *R. 9.*

Wal-Mart East filed the motion at bar contending that venue is improper in the Western District of Louisiana and this action should have been filed in the Southern District of Mississippi, Jackson Division, where a substantial part of the events or omissions giving rise to plaintiffs' claims occurred.  Wal-Mart East moves the Court to either dismiss plaintiffs' Complaint or transfer this action to the Southern District of Mississippi, pursuant to 28 U.S.C. § 1406(a) and 28 U.S.C. § 1391(a)(2).  Plaintiffs argue that Wal-Mart East, the only defendant in this action, is deemed to reside in Louisiana and therefore venue is correct under § 1391(a)(1).

The parties agree that the Court's jurisdiction in this matter is based upon diversity, 28 U.S.C. 1332, *et seq*.  When federal jurisdiction is based on diversity, venue is proper "only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(a).[2]  Under § 1391(c), a corporate defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction when suit is filed.  Although the wording of § 1391(c) appears to apply only to corporations, the United States Court of Appeal for the Fifth Circuit has held, and it

---

[2] As the December 7, 2011 amendments to Section 1391 apply to actions commenced on or after the January 6, 2012 effective date,  the parties correctly assert the pre-2011 provisions.

is generally accepted, that unincorporated business associations such as partnerships and limited liability companies are analogous to corporations for venue purposes. *Penrod Drilling Co. v. Johnson*, 414 F.2d 1217 (5th Cir.1969) (treating partnership like corporate defendant for purposes of venue). Thus, a limited liability partnership such as Wal-Mart East is analogous to a corporation for venue purposes.

Wal-Mart East asserts that because it does not operate any stores in Louisiana and has no corporate offices in the Western District of Louisiana, the Court lacks personal jurisdiction over the non-resident defendant. "When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir.1997) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir.1985)). If an evidentiary hearing is not held, as in this case, a plaintiff need only establish a prima facie case of jurisdiction; poof by a preponderance of the evidence is not required. *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 211 (5th Cir.1999). In deciding whether the plaintiff has made a prima facie case, non-conclusory factual allegations in the complaint must be taken as true. *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 592 (5th Cir.1999). When the defendant disputes the factual bases for jurisdiction, the Court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Allread* at 281 (quoting *Spademan*, at 1192); *Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*, 517 F.3d 235, 241 (5th Cir.

2008).   All conflicts between the facts contained in the parties' affidavits and other documentation must be resolved in the plaintiff's favor.  *Id*.  However, the Court is not required to credit conclusory factual or jurisdictional allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir.2001) (finding no personal jurisdiction where plaintiffs' sole evidence of contacts was their allegation "on information and belief" that defendant knew they were Texas residents and that its actions would intentionally cause harm in Texas).  "When a plaintiff makes a prima facie case that the defendant has 'minimum contacts' with the forum state, the burden of proof shifts to the defendant to show that the exercise of jurisdiction would be unreasonable." *Luv N'Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir.2006).

The two basic elements involved in evaluating personal jurisdiction are: (1) whether the defendant is amenable to service of process under the law of the forum state, and (2) whether exercising jurisdiction comports with due process.  *Spademan* at 1189.  The Louisiana long-arm statute allows the Court to assert jurisdiction to the extent permitted by due process, therefore, the inquiries here merge into whether exercising jurisdiction would comport with due process.  *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir.1990).

"The Supreme Court has interpreted due process as requiring federal courts ... to conclude, first, that the defendant has purposefully established minimum contacts with the forum state and, if so, that entertainment of the suit ... would not offend traditional notions

4

of fair play and substantial justice." *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir.1990) (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 105 (1987) (internal quotation marks omitted). The "minimum contacts" prong is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). This test "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King* at 475 (citations omitted).

The "minimum contacts" may be further subdivided into contacts that give rise to "general" personal jurisdiction and "specific" personal jurisdiction. "Where a defendant has 'continuous and systematic general business contacts' with the forum state, the court may exercise 'general' jurisdiction over any action brought against that defendant." *Luv N' Care Ltd.* at 469 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). "The 'continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum.'" *Johnson v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir.2008) (citation omitted). In particular, the Fifth Circuit has "emphasized that in order to confer general jurisdiction, a defendant must have a business

5

presence in [the forum state]. It is not enough that a corporation do business with [the forum]." *Id*. at 611.   When the contacts are less extensive, the court may still exercise "specific" jurisdiction where a "nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Walk Haydel*, 517 F.3d at 243 (internal quotations omitted).

While not specifying "general" or "specific," plaintiffs contend that they have established a prima facie case of *in personam* jurisdiction over Wal-Mart East.  Plaintiffs state that they have alleged in their Supplemental and Amending Complaint that "Wal-Mart Stores East, L.P. [is] a foreign corporation domiciled in the State of Delaware and authorized to do and doing business in the State of Louisiana, and specifically within the Western District of Louisiana." *R. 9, ¶ 2*.  Plaintiffs submit in their opposition to Wal-Mart East's Motion certified records of the Louisiana Secretary of State which provide that on December 13, 2011, Wal-Mart Stores East, LP registered to do business in Louisiana, *R. 16-1, Exh. A*, and listed an agent for service of process in Louisiana, *R. 16-2, Exh. B, R. 16-3, Exh. C*. Plaintiffs also submit "Google and Yahoo internet searches" which they contend "yielded store listings for Wal-Mart Stores East, L.P. in the Lafayette and Opelousas area," *R. 16-3 - 16-7, Exhs. D, E, F*, and demonstrate that Wal-Mart East currently engages in business within the geographic boundaries of the Western District of Louisiana.[3]

---

[3]  In their sur-reply memorandum, plaintiffs further contend that even if Wal-Mart East does not conduct other activities in Louisiana, because "one or more" of the parent companies of Wal-Mart East advertises in Louisiana and because plaintiff's injuries have "further manifested

Contrary to plaintiffs' allegations in their Complaint, Wal-Mart East submits the affidavit of Geoffrey W. Edwards, Senior Associate General Counsel for Wal-Mart Stores, Inc.[4]  Edwards states that Wal-Mart East "operates no stores in Louisiana" and lists the 28 states, including Mississippi, in which Wal-Mart East operates.  *Id.  R. 24-2, Exh. B*. Edwards further states that Wal-Mart East is organized under the laws of the State of Delaware and its principal place of business is in the State of Arkansas.  *Id.*

With regard to plaintiffs' contentions related to the Secretary of State records and their Internet search, Wal-Mart East argues that the Louisiana Secretary of State records fail to satisfy due process required for the exercise of personal jurisdiction and that plaintiffs' "evidence" consisting of Google and Yahoo searches is inauthentic, lacks foundation and constitutes inadmissible hearsay such that it can not satisfy plaintiffs' burden to establish a prima facie case for personal jurisdiction.  The Court agrees.

In *Wenche Siemer v. Learjet Acquisition Corp*.,  966 F.2d 179, 183 (5th Cir. 1992), the Fifth Circuit concluded that an agent for service, by itself, was not enough to subject a

---

themselves" in Louisiana, the Court has *in personam* jurisdiction over Wal-Mart East.  *R. 26*. While plaintiffs have provided no evidentiary or jurisprudential support for either of these contentions, the Fifth Circuit has stated that "[g]enerally, advertisements are insufficient to establish personal jurisdiction."  *Quick Techs., Inc. v. Sage Group PLC*, 313 F.3d 338, 345 (5th Cir.2002).  Also, courts in the Fifth Circuit have addressed plaintiffs' contentions that their medical treatment in Louisiana is a "substantial part of the events" under § 1391(a) and have held that "the injury [plaintiff] sustained from the accident is the defining event, not the hospitals or physicians' offices where [plaintiff] obtained treatment."  *Smith v. Fortenberry*, 903 F. Supp. 1018, 1020-21 (E.D. La. 1995).

[4]  In his affidavit, Edwards states that defendant, Wal-Mart Stores East, LP, is a wholly owned subsidiary of Wal-Mart Stores, Inc.  *R. 24-1, Exh. A*.

corporation to jurisdiction.  The court held that Learjet's appointment of an agent for service of process and registration to do business within the state was insufficient to satisfy the requirement of the due process clause of the Fourteenth Amendment when the facts indicated that plaintiffs were not domiciled in Texas, the harm suffered did not occur in Texas and the alleged misconduct did not take place in Texas.  The court stated, "[w]hile ... being qualified to do business, may on its face appear to be significant, it 'is of no special weight' in evaluating general personal jurisdiction." *Wenche* at 181 (citations omitted).  Moreover, the court held that plaintiff's assertion that the "mere service on a corporate agent automatically confers *general jurisdiction* displays a fundamental misconception of corporate jurisdiction principles.  This concept is directly contrary to the historical rationale of *International Shoe* and subsequent Supreme Court decisions." *Id.* at 183.

The Fifth Circuit has also held that postings from the Internet "constitute classic hearsay rather than personal knowledge." *U.S. v. El-Mezain,* 664 F.3d 467 (5th Cir. 2011) (citing *United States v. Jackson*, 208 F.3d 633, 638 (7th Cir.2000)(declining to admit web postings where defendant was unable to show that the postings were authentic; *see also St. Clair v. Johnny's Oyster & Shrimp, Inc*., 76 F.Supp.2d 773, 775 (S.D.Tex.1999) ("[A]ny evidence procured off the Internet is adequate for almost nothing, even under the most liberal interpretation of the hearsay exception rules."), *Novak v. Tucows, Inc*., 2007 WL 922306, *5 (E.D.N.Y. Mar 26, 2007)("Where postings from internet websites are not statements made

by declarants testifying at trial and are offered to prove the truth of the matter asserted, such postings generally constitute hearsay under Fed.R.Evid. 801.").

Based on the foregoing jurisprudence, the record before the Court indicates that Wal-Mart Stores East L.P.'s only contacts with Louisiana are its registration with the Louisiana Secretary of State to do business and its appointment of an agent for service of process. As plaintiffs have not demonstrated that Wal-Mart East has solicited or conducted any business activities in Louisiana, they have failed to establish either general or specific jurisdiction. Thus, Wal-Mart East's contacts do not satisfy the minimum contacts requirement under § 1391 and plaintiffs have failed to satisfy their burden to present prima facie evidence of personal jurisdiction as to Wal-Mart East.

Once a district court finds that it lacks personal jurisdiction, it possesses "broad discretion" in deciding whether to dismiss or transfer pursuant to 28 U.S.C. § 1404 and § 1406. *Caldwell v. Palmetto State Savings Bank*, 811 F.2d 916, 919 (5th Cir.1987). Section 1404(a) permits a transfer of venue for the convenience of the parties and the witnesses, while section 1406 permits a transfer when the suit was filed in an improper venue. Section1406 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district is "wrong" within the meaning of § 1406 whenever there exists an " 'obstacle (to) ... an expeditious and orderly adjudication' on the merits," including a lack of

personal jurisdiction.  *Aguacate Consol. Mines, Inc. of Costa Rica v. Deeprock, Inc.*, 566 F.2d 523, 524 (5th Cir.1978).

The Court has determined that it lacks personal jurisdiction over Wal-Mart East.  It is undisputed that the events giving rise to plaintiffs' claim occurred in Magee, Mississippi, Simpson County, and that venue would be proper in the Southern District of Mississippi, Jackson Division, pursuant to 28 U .S.C. § 1391(a).  Accordingly, it is

**ORDERED** that Wal-Mart Stores East, L.P.'s Motion To Dismiss [Rec.Doc. 14] is **DENIED** and Wal-Mart Stores East, L.P.'s Alternative Motion To Transfer Venue [Rec. Doc. 14] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter be transferred in its entirety pursuant to 28 U.S.C. § 1406 to the Southern District of Mississippi, Jackson Division.

**THUS DONE AND SIGNED** this 13th day of February, 2012 at Lafayette, Louisiana.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE